The demise to the defendant's testator, as set out in the complaint, is for one year from the first day of April, 1848, and an indefinite period thereafter, with an averment of the occupation of the demised premises by the testator during his life, and by the defendants as executors from that time up to the first day of May, 1850. Under this allegation, the interest of the lessee at the time of his death was that of tenant from year to year, and the estate could not be determined except by a notice of six months, terminating with the year, from one of the parties to the other, of an intention to determine the same. As often as the half year's previous notice was omitted to be given, the term became an assured term for a new year from the expiration of the current year. (Burton on Real Property, 277.) Had the lessee lived and continued to enjoy the premises under this demise, the several years of his occupation would have been treated as an entire term under one lease, and not as a holding under several annual lettings. (Bac. Abr. Lease, L. 3; Birch
v. Wright, 1 T.R. 380.) Such is the legal effect of the contract set out, to wit, that the lessee should occupy the premises at a given annual rent until one or the other party should, by the prescribed notice, terminate the contract and put an end to the term. (Doe v. Porter, 3 T.R. 13.) The whole occupancy was but one term and under one lease.
The estate of the lessee was an estate for years and a chattel real, which went to and vested in his executors as a part of his personal estate. (1 R.S. 722, §§ 1, 5; 2 id. 82, § 6; Burtonon Real Property, 277.) The executors became seised of the same estate and interest in the lands which their testator had, and no other. No change was wrought in the estate or the term by the death of the testator, and the casting of it upon the executors. The precise interest in the lands demised, which the testator had at the time of his death, became assets in the hands of his executors, and they held it as executors and not in their own right, and it came to them charged with the same burthen with which it was charged in the hands of the testator, and that *Page 499 
burthen, which was the rent reserved, was chargeable upon the estate of the deceased, and not upon the executors in their own right. Coming to the enjoyment of the premises in their representative character, they could not legally divest themselves of that character and retain the possession for their own benefit. A renewal of the lease, had such a thing taken place, from year to year by contract, express or implied, would have enured to the benefit of the estate upon the familiar principle which forbids a person assuming to act as trustee to act in the same matter for his own benefit. In the case at bar, the averment, which is admitted to be true, is, that the defendants as executors took possession of and used, occupied, enjoyed and sub-let the said farm, c. It is not denied that if the occupation was in pursuance of and under the contract made by the testator, the estate is chargeable with the rent, and the action is properly brought against the executors to charge themde bonis testatoris; and the case made by the complaint is of a hiring by the testator, until such time as one or the other party to the contract should by notice terminate the same, and which has never been terminated. It follows from this statement, in connection with the admitted occupancy by the defendants as executors, that the estate is properly chargeable upon the contract of hiring by the deceased. In Mackay v. Mackreth, (4Douglas, 213,) where A. made a lease to B., his executors, c., for one year, and so from year to year so long as it should please the said A. and B., his executors, c., it was held that the term did not expire with the death of B., but vested in his executors. It is true Lord Mansfield rests his decision upon the words of the demise as alleged, and says, "If it had been a lease from year to year, it would have expired at the end of the year after the death of the tenant, without notice, but the present demise continues till the executor determines it by notice." But so far as the terms of the demise go, they are not essentially different from the case before us, and the decision would be an authority in favor of the plaintiff. But the subsequent cases tend very clearly to show *Page 500 
that the legal effect of a lease from year to year is the same as that given to the demise referred to. In Doe v. Porter, (3T.R. 13,) it was decided that in the case of a tenancy from year to year as long as both parties please, if the tenant die intestate, the administrator has the same interest in the land which his intestate had, and the lessee of such an administrator may declare in ejectment on a term for seven years. Lord Kenyon says, "As between the original parties, as long as both of them lived, he (the lessee) could not have been dispossessed without six months' notice, ending at the expiration of the year. But it is argued that though this was the interest which Wm. Shore had, a different interest devolved on his personal representatives. On this question I do not know how to state a doubt, for this was a chattel interest from year to year, as long as both parties pleased; and it seems clear to me that whatever chattel the intestate had must vest in his administrator as his legal representative." The same principle was recognized and acted upon in James v. Dean, (11 Vesey, 383; S.C. 15 id. 236,) in which it was held that where a term expired in the lifetime of the testator, who continued to hold and paid half a year's rent before his death as tenant by the year, a renewed lease obtained by the executors was subject to the uses of the will. Chief Justice Tindal in Atkins v. Humphry, (2 M., G. Scott,
658,) says, "I can readily understand that if the testator originally entered under a demise, and the executors do not give up the premises, the assets of their testator may be made chargeable during such term as they virtually retain them in their possession."
The executors could have terminated the lease and relieved the estate represented by them from the charge of the rent, at the expiration of any year, by giving the required notice; but not having done so, the estate is liable upon the contract of the testator and upon the occupation of the executors, who took the term as representatives, and not as assignees. In this view there is no objection to the complaint for a misjoinder of causes of action. *Page 501 
The judgment of the supreme court at general term must be reversed, and that of the special term affirmed with costs.
All the judges concurred except RUGGLES, J., who did not hear the argument, and PARKER, J., who dissented.
Judgment accordingly.